UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Antonio Varela Calero,

                Plaintiff,

     –v–

Golden Abacus Inc., *et al.*

                Defendants.

18-CV-2285 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff's former counsel, Michael Faillace, moved to withdraw because he had lost contact with Plaintiff. His office had attempted to contact Plaintiff on numerous occasions to no avail. *See* Declaration of Michael Faillace, Dkt. No. 73, ¶ 2. Plaintiff had previously told a paralegal in Faillace's office that he wanted to discontinue this action, but Faillace was unable to confirm this. *Id.* ¶ 3. The Court granted the motion to withdraw. In a pair of orders that were served on Plaintiff by his outgoing counsel, the Court warned Plaintiff that he needed to either obtain new counsel or file a notice of pro se appearance; otherwise his claim would be dismissed with prejudice for failure to prosecute. Dkt. Nos. 70, 74, 76. However, he failed to do either. The Court again warned Plaintiff in an order that he needed to either obtain new counsel or file a notice of pro se appearance if he did not want this case to be dismissed with prejudice. Dkt. No. 77. Plaintiff again did not comply and the copy of this most recent order that was mailed by the Court to Plaintiff's last known address was returned by the Postal Service. The Court now dismisses this action with prejudice for failure to prosecute.

    A Court may, *sua sponte*, dismiss an action with prejudice for failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629-31 (1962). When deciding if dismissal for failure to

prosecute is warranted, a court should examine "whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant [is] likely to be prejudiced by further delay; (4) the need to [balance] alleviat[ion] [of] [the] court['s] calendar congestion . . . against plaintiff's right to an opportunity for a day in court; and (5) . . . lesser sanctions [would be efficacious]." *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004). "No one factor is dispositive" and the decision of whether to dismiss must be viewed "light of the record as a whole." *Id.*

    All five factors favor dismissal here. First, Plaintiff's actions have prevented any progress in this matter from occurring since at least last September. Second, Plaintiff was given multiple warnings that if he did not either obtain new counsel or file a notice of pro se appearance, that this case would be dismissed for failure to prosecute. *See* Dkt. Nos. 74, 76, 77. To the extent that Plaintiff never received these warnings because he did not provide a new address to his counsel, he should not be rewarded for failing to fulfill his obligations to provide updated contact information to his counsel or the Court. *See Seth v. City of New York*, No. 19-cv-1960, 2019 U.S. Dist. LEXIS 212824, at *7-*8 (S.D.N.Y. Dec. 9, 2019). Third, "prejudice to defendants resulting from unreasonable delay may be presumed." *Shannon v. GE*, 186 F.3d 186, 195 (2d Cir. 1999) (quotation omitted). As to the fourth factor, Plaintiff has effectively forfeited his right to a day in court by failing to respond his counsel and the court, and by failing to provide updated contact information. Fifth, any sanction other than dismissal with prejudice "would be futile given the Court's inability to contact Plaintiff." *Seth*, 2019 U.S. Dist. LEXIS 212824, at *8-*9.

    Accordingly, the Court dismisses this action with prejudice for failure to prosecute. The Clerk of Court is respectfully directed to enter judgment and close this case. The Clerk of Court

is further respectfully directed to mail a copy of this order and forthcoming to judgment to Plaintiff at his last known address: 35 McClellan St., Bronx, NY 10452.

Dated: June  4 , 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge